### JONAS K. FLINT v. CHARLES F. WHITTON.

*Practice.   Justice of the peace.*

A justice of the peace after deciding, upon the motion of the defendant, to continue a cause pending before him, may, at the same sitting, permit the plaintiff to discontinue the suit.

The nature of the action, the question presented, and the facts in reference thereto, sufficiently appear in the opinion of the court.

The cause was tried by the county court, at the May Term, 1855,—UNDERWOOD, J., presiding,—and judgment rendered in favor of the plaintiff.   Exceptions by the defendant.

*I. T. Morgan* and *J. P. Kidder* for the defendant.

*A. P. Hunton* for the plaintiff.

The opinion of the court was delivered by

ISHAM, J.   This is an action on a promissory note, to which the defendant has plead in abatement the commencement and pendency of a former suit between the same parties, and for the same cause of action.   The plaintiff admits, in his replication, the prior commencement of such a suit, but it is averred that the suit was discontinued before the commencement of this action, on which, issue has been joined.   The only inquiry in this case is, was that suit in fact discontinued before this suit was commenced.   The records of the justice, before whom that suit was brought, are made part of the case, from which it appears that that suit was made returable on the 10th of March, 1855, and that it was continued to the 22d of the same month.   It is stated in the exceptions, and the fact also appears upon the justice's records, that on the 22d of March, the defendant applied for a further continuance of the suit until the 26th of March, and that the justice decided to continue the case; whereupon the plaintiff asked leave of the court to discontinue the suit, which was granted, and a discontinuance was entered upon the records of the case.   The application for the continuance of the case, as well as that for its discontinuance, was made during the same sitting of the court, and while the case was under his control, and within his jurisdiction.   It was competent for the court, after the

expression of his opinion on the subject, to withhold the actual continuance of the case, until the application for its discontinuance was disposed of. The court having granted liberty to discontinue the case, and a record of that discontinuance having been made, its effect will necessarily be to supersede the motion for a continuance.

We must regard that suit, therefore, as having been discontinued on the 22d of March. This suit, having been commenced on the 23d, the day after, we think, was properly brought.

The judgment of the county court is affirmed.